UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

YEHUDA LEIB WECHSLER,

               Plaintiff,          06 Civ. 7196

   -against-                         OPINION

ORTHODOX UNION,

               Defendant.

------------------------------------X

A P P E A R A N C E S:

      Attorneys for Plaintiff

      BORIS KOGAN & ASSOCIATES, P.C.
      277 Broadway, Suite 701
      New York, NY 10007
      By: Boris Kogan, Esq.

      Attorneys for Defendant

      JACKSON LEWIS LLP
      58 South Service Road, Suite 410
      Melville, NY 11747
      By: Wendy J. Mellk, Esq.

**Sweet, D.J.**

The defendant Orthodox Union (the "Union" or "Defendant") has moved under Rule 12(c), Fed. R. Civ. P., to dismiss the pro se complaint[1] of Yehuda Leib Wechsler (the "Plaintiff" or "Wechsler").[2] The Union argues that Wechsler's Title VII claims must be dismissed pursuant to Section 702 of the Civil Rights Act of 1964, 78 Stat. 255, as amended, 42 U.S.C. § 2000e-1 ("Section 702"), which exempts religious organizations from religious discrimination claims. On the conclusions set forth below, the motion is granted.

**Prior Proceedings**

On February 24, 2006, Wechsler filed a charge of discrimination against the Union with the Equal Employment Opportunity Commission ("EEOC"). On June 1, 2006, the EEOC issued a Dismissal and Notice of Rights (a "right-to-sue letter") indicating that the information obtained pursuant to its investigation was insufficient to establish a statutory violation. On or about September 20, 2006, Wechsler commenced action 06 Civ. 7196 ("Complaint I"), predicated on the February

---

[1] Wechsler has now obtained counsel, and is represented on this motion.
[2] The Union moves in the alternative for summary judgment pursuant to Fed. R. Civ. P. 56. Because the motion to dismiss is granted, the Court does not address the Union's summary judgment motion.

1

2006 EEOC charge and corresponding letter. While not a model of clarity, Complaint I alleges that the Union – an organization organized by and for practitioners of Orthodox Judaism – discriminated against Wechsler, who is employed to perform work connected with the religious mission of the Union, by refusing to assign him work on Fridays because he is an Orthodox Jew, in violation of Title VII of the Civil Rights Act of 1964.

In April 2007, Wechsler filed a second EEOC charge against the Union containing new allegations of the Union's retaliation against him for having filed Complaint I. On June 27, 2007, the EEOC issued Wechsler another right-to-sue letter, finding no evidence of discrimination or retaliation. On or about October 24, 2007, Wechsler filed action 07 Civ. 9472 ("Complaint II"), alleging that the Union violated Title VII by sending a him "threatening" letter. The letter at issue was attached to Complaint II. Complaint II was assigned to this Court as related and Complaints I and II were consolidated under the above caption on April 17, 2008.

The instant motion was marked fully submitted on July 30, 2008.

**The Facts**

The Union is an organization devoted to promoting Orthodox Judaism worldwide with the express mission of advancing traditional Judaism and bringing all Jews closer to their heritage. Aff. of Rabbi Dov Schreier ("Schreier Aff.") ¶ 3-4.[3] To accomplish its mission, the Union supports a network of more than 400 member Orthodox synagogues, youth programs, religious advocacy and religious study programs, and maintains international units with locations in Israel and Ukraine. Id. ¶ 5. The Union also provides outreach services and educational programming concerning Jewish holidays, laws, history and observance. Id. ¶ 6.

The Union operates the largest kosher certification agency in the world and certifies more than 400,000 products manufactured in approximately 6,000 plants located in 80 countries. Id. ¶ 12. When a restaurant elects to keep kosher, rabbis hired by the Union are dispatched to serve as "mashgichim", or kosher food supervisors in the restaurant to ensure that the restaurant complies with Jewish law (known as "halacha"). Id. ¶ 13. The Union requires that mashgichim be

---

[3] The Affirmation of Rabbi Dov Schreier, dated March 7, 2005, is attached as Exhibit A to the Aff. of Wendy J. Mellk, dated April 18, 2008.

3

Orthodox Jews who observe the Jewish Sabbath, keep the laws of Kashruth (that is, are kosher themselves), and are performing their jobs as a mitzvoth, in accordance with the commandments of the Torah. Id. ¶ 15.

Wechsler is an Orthodox Jew who is, and at all relevant times has been, employed by the Union as a mashgiach and has served as the mashgiach at Tevere 84 Restaurant.

**The Rule 12(c) Standard**

The Union has moved pursuant to Fed. R. Civ. P. 12(c) to dismiss the complaint for lack of subject matter jurisdiction. "Although subject matter jurisdiction is usually challenged by way of a Rule 12(b)(1) motion to dismiss, it may also be raised on a Rule 12(c) motion for judgment on the pleadings," which is "treated as a Rule 12(b)(1) motion to dismiss the complaint." Mac Pherson v. State St. Bank and Trust Co., 452 F. Supp. 2d 133, 136 (E.D.N.Y. 2006); see also Weisman v. I.R.S., 972 F. Supp. 185, 186-87 (S.D.N.Y. 1997).

A claim is "properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."

4

Makrova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). "When jurisdiction is challenged, the plaintiff 'bears the burden of showing by a preponderance of the evidence that subject matter jurisdiction exists.'" Arar v. Ashcroft, 532 F.3d 157, 168 (2d Cir. 2008) (quoting APWU v. Potter, 343 F.3d 619, 623 (2d Cir. 2003) (quotation omitted)). "Jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." Potter, 343 F.3d at 623. As such, the Court may rely on evidence outside the pleadings without converting the motion to one for summary judgment. Robinson v. Gov't of Malay., 269 F.3d 133, 141 n.6 (2d Cir. 2001); Makarova, 201 F.3d at 113. Here, no such reliance is necessary. Wechsler has admitted that the Union is a religious organization, and his claims must therefore be dismissed.

**As A Religious Organization, the Union Is Immune from Title VII Religious Discrimination Claims**

Title VII of the Civil Rights Act of 1964, 78 Stat. 244, as amended, 42 U.S.C. §§ 2000e to 2000e-17, makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms,

conditions, or privileges of employment, because of such individual's . . . religion . . . ." 42 U.S.C.A. § 2000e-2. However, "Section 702 . . . exempts religious organizations from Title VII's prohibition against religious discrimination in employment on the basis of religion." <u>Corp. of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints v. Amos</u>, 483 U.S. 327, 329 (1987) (holding that § 702 does not violate the Establishment Clause of the First Amendment). Specifically, Section 702 provides:

> This subchapter shall not apply to . . . a religious corporation, association, educational institution, or society with respect to the employment of individuals of a particular religion to perform work connected with the carrying on by such corporation, association, educational institution, or society of its activities.

See 42 U.S.C. 2000e-1(a).

Wechsler argues that "Title VII suits against religious organizations may proceed as long as the adjudication of the case would not involve the Court's entanglement in religious affairs," Pl. Opp. 7-8, relying on <u>Petruska v. Gannon Univ.</u>, 462 F.3d 294 (3d Cir. 2006), <u>Bollard v. Ca. Province of the Society of Jesus</u>, 196 F.3d 940 (9th Cir. 1999) and <u>Rojas v. Roman Catholic Diocese of Rochester</u>, 557 F. Supp. 2d 387 (W.D.N.Y. 2008). <u>Petruska</u> addressed the application of the

6

ministerial exception, a doctrine rooted in the First Amendment, to plaintiff's gender discrimination claims. See 462 F.3d at 298. Similarly, the issue stated in Bollard was "whether the so-called 'ministerial exception' to Title VII of the Civil Rights Act of 1964 bars plaintiff['s] . . . claim of sexual harassment against the Jesuit order." 196 F.3d at 944. Rojas applied the ministerial exception to a claim for hostile environment sex discrimination and retaliation. 557 F. Supp. 2d at 390. None of these cases addressed Section 702 or a claim for religious discrimination, and they are therefore inapposite. See Hankins v. N.Y. Annual Conf. of United Methodist Churches, 516 F. Supp. 2d 225, 228 n.1 (E.D.N.Y. 2007) ("The ministerial exception is inapplicable to claims of religious discrimination because section 702 of Title VII permits religious organizations to discriminate against employees on the basis of religion."). See also Lown v. Salvation Army, Inc., 393 F. Supp. 223 (S.D.N.Y. 2005) ("In 1972, Congress amended Section 702 to provide religious organizations broader protection than that implicated by the Ministerial Exception.").

Wechsler fails to address, let alone distinguish, the authority cited by the Union for the proposition that Section 702 grants religious organizations immunity from Title VII religious discrimination claims. See Leboon v. Lancaster Jewish

7

Cmty. Center Ass'n, 503 F.3d 217 (3d Cir. 2007) (dismissing religious discrimination claim against Jewish community center); Saeemodarae v. Mercy Health Servs., 456 F. Supp. 2d 1021 (N.D. Iowa 2006) (dismissing religious discrimination claim against Catholic hospital); Lown, 393 F. Supp. 223 (dismissing religious discrimination claim against religious organization); Hopkins v. Women's Div., Gen. Bd. of Global Ministries, 238 F. Supp. 2d 174 (D.D.C. 2002) (dismissing religious discrimination claim against church and its affiliates); Tsirpanlis v. Unification Theological Seminary, 99 Civ. 0013 (LMM), 2001 WL 64739 (S.D.N.Y. Jan. 24, 2001) (dismissing religious discrimination claim against seminary); see also Hall v. Baptist Mem'l Health Care Corp., 215 F.3d 618, 624 (6th Cir. 2000) ("The decision to employ individuals 'of a particular religion' under § 2000e-1(a) and § 2000e-2(e)(2) has been interpreted to include the decision to terminate an employee whose conduct or religious beliefs are inconsistent with those of its employer."); Killinger v. Samford Univ., 113 F.3d 196 (11th Cir. 1997) (holding that Section 702 granted immunity from claim that plaintiff was not allowed to teach at divinity school because his religious beliefs differed from those of the school's dean); Little v. Wuerl, 929 F.2d 944 (3d Cir. 1991) (dismissing religious discrimination claim against parish).

Wechsler has argued that a reading of Section 702 that makes it applicable to this case would violate the Establishment Clause of the First Amendment because, "by declining to exercise jurisdiction, the Court . . . would be sponsoring the world's largest provider of Kosher supervision in matters unrelated to its religious mission." Pl. Opp. 14.

The Establishment Clause of the First Amendment states that "Congress shall make no law respecting an establishment of religion." Amdt. 1. In Amos, the Supreme Court held that the amendment of Section 702 to apply to a religious organization's secular activities did not violate the Establishment Clause. Noting that "it is a significant burden on a religious organization to require it, on pain of substantial liability, to predict which of its activities a secular court will consider religious," the Court held that "Congress acted with a legitimate purpose in expanding the § 702 exemption to cover all activities of religious employers," and that "as applied to the nonprofit activities of religious employers, § 702 is rationally related to the legitimate purpose of alleviating significant governmental interference with the ability of religious organizations to define and carry out their religious missions." Amos, 483 U.S. at 336 and 339.

Wechsler also argues that the Union "concedes" that it fired him for non-discriminatory and non-retaliatory business reasons, and thus there is no religious doctrine or belief involved in the case. The Union counters that due to its religious nature and mission, its decisions made with regard to mashgichim and the Union's operation of its kosher supervision department is, by its nature, "based on and wholly interwined with religion and Judaic doctrine." Reply 4. The fact that the Union denies Wechsler's religious discrimination claim does not abrogate the immunity. See Little, 929 F.2d at 951 ("Once Congress stated that '[t]his title shall not apply' to religiously-motivated employment decisions by religious organizations, no act by [defendant] or [plaintiff] could expand the statute's scope."). Nor does it change the fact that analysis of Wechsler's religious discrimination claim, grounded on alleged conflicts between the demands of his employer, which he admits to be a religious organization, and his religious observance, would involve the Court in the type of religious controversy that Section 702 seeks to avoid.

Because Wechsler concedes that the Union is a religious organization, see Pl. Opp. 2, Section 702 directs that his Title VII religious discrimination claim must be dismissed. Wechsler's retaliation claim must be dismissed pursuant to

10

Section 702 as well.  Section 702 immunity extends to retaliation claims because "Title VII's anti-retaliation provision, 42 U.S.C. § 200e-3(a), is contained in the same subchapter as Section 702." Saeemodarae, 456 F. Supp. 2d 1021, 1041 (N.D. Iowa, 2006); see also Lown, 393 F. Supp. 2d at 254 (dismissing Title VII retaliation claim because the anti-retaliation provision is contained in the same subchapter as Section 702).

Wechsler has requested leave to amend his pleadings to add claims under New York State and City anti-discrimination laws.  Plaintiff's federal claims having been dismissed, there is no jurisdictional basis for plaintiff to bring his state claims in this Court.  Leave to amend is therefore denied.

11

## Conclusion

The motion of the Union under Rule 12(c) is granted, and both complaints are dismissed.

It is so ordered.

Submit judgment on notice.

New York, N.Y.
December 18, 2008

ROBERT W. SWEET
U.S.D.J.